| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Personal Injury
Court File No.:

Danae Goldsmith,

                Plaintiff,

vs.                                                                          **SUMMONS**

Carlisle Fluid Technologies, Inc.,
Delta Air Lines, Inc.,
and Craig Eldon Reeves, in his official and individual capacities,
jointly and severally, individually and collectively,

                Defendants.

THIS SUMMONS IS DIRECTED TO DEFENDANTS ABOVE-NAMED.

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    LORI PETERSON LAW FIRM
    222 S. 9th St., #1600
    Minneapolis, MN  55402
    LoriPeterson@LoriPetersonLawFirm.com

**EXHIBIT A**

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_[signature]_                                                                 11/10/21
_____                                          Dated _____
Lori Peterson, #212490
Attorney for Plaintiff
222 South Ninth Street, #1600
Minneapolis, Minnesota 55402
(612) 321-0606
LoriPeterson@LoriPetersonLawFirm.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Personal Injury
Court File No.:

Danae Goldsmith,

                Plaintiff,

vs.

**COMPLAINT**
**JURY TRIAL DEMANDED**

Carlisle Fluid Technologies, Inc.,
Delta Air Lines, Inc.,
and Craig Eldon Reeves, in his official and individual capacities,
jointly and severally, individually and collectively,

                Defendants.

Plaintiff Danae Goldsmith, for her Complaint against Defendants above-named, states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Danae Goldsmith ("Plaintiff") is a 34 year-old female. She resides in Washington County, State of Minnesota.

2. Defendant Carlisle Fluid Technologies, Inc. ("Carlisle") is a Delaware business corporation. Its registered office address is located in Hennepin County, State of Minnesota. Its agent for service of process is United Agent Group Inc. at 5200 Willson Road, #150, Edina, MN 55424.

3. Defendant Craig Eldon Reeves ("Reeves") is a 59 year-old male. He resides at 9631 285th Ave. NW, Zimmerman, MN 55398-8530. He is employed by Defendant Carlisle as a Field Service Engineer. At all times material hereto, Reeves was acting on behalf

of, as an agent of, and within the course and scope of his employment with Defendant Carlisle.

4. Defendant Delta Air Lines, Inc. ("Delta") is a Delaware business corporation doing business in Hennepin County, State of Minnesota. Its agent for service of process is Corporation Service Company at 2345 Rice Street, Suite 230, Roseville MN 55113. It is doing business at 4300 Glumack Dr., Minneapolis, MN 55450.

5. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. On June 12, 2021, Plaintiff was a passenger on a Defendant Delta airlines flight from Raleigh, NC to Minneapolis, MN.

7. Defendant Reeves occupied the aisle seat adjoining Plaintiff's window seat.

8. During that flight, Plaintiff needed to use the restroom.

9. When Plaintiff returned from the restroom, instead of moving to allow Plaintiff to easily pass him, Defendant Reeves remained in his seat, refusing Plaintiff's requests to move in order to allow her access to her seat.

10. Instead, Defendant Reeves directed Plaintiff to squeeze past him in order to return to her seat.

11. While Plaintiff squeezed past Defendant Reeves to return to her seat, Defendant Reeves sexually assaulted her.

12. Specifically, Defendant Reeves aggressively groped Plaintiff's lower and upper thigh, buttock and groin areas.

13. This physical contact was violating, offensive, unwelcome and uninvited.

14. Defendant Reeves also blocked Plaintiff from leaving her seat to get away from him.

15. Plaintiff yelled at Defendant Reeves, "You're not going to acknowledge what you just did to me?! You're not going to apologize?!"

16. Defendant Reeves' response was to unapologetically state, "No, I'm not."

17. Plaintiff began crying and shaking and reported him to Defendant Delta's flight crew.

18. Defendant Reeves proceeded to intimidate Plaintiff with an aggressive stare while trapping her in her seat, causing Plaintiff additional fear.

19. Defendant Reeves' actions caused Plaintiff to have a panic attack while he willfully confined and detained her in close quarters by refusing to allow her to leave her seat to get away from him.

20. Defendant Reeves further refused the orders of the flight attendant to "stand up" to allow Plaintiff to leave her seat, resulting in the flight attendant informing Plaintiff that she needed to "go get help."

21. Upon arrival in Minneapolis, law enforcement met Plaintiff at the gate and began investigating.

22. Defendant Reeves was traveling on behalf of his employer, Defendant Carlisle, and was acting within the scope of his employment when he attacked and falsely imprisoned Plaintiff.

23. Defendant Delta's flight crew admitted that they were aware that Defendant Reeves was intoxicated, and that they repeatedly served Reeves alcoholic beverages on the flight.

24. Defendant Delta's repeated provision of alcoholic beverages to Defendant Reeves resulted in his being intoxicated to the point of a .28 BAC well after the attack on Plaintiff.

25. Plaintiff has been traumatized and humiliated by this attack. It has impacted her ability to sleep, caused her anxiety, flashbacks, nightmares, panic attacks, claustrophobia, avoidance symptoms, public humiliation, and resulted in her suffering PTSD. It has triggered flashbacks of a sexual assault she experienced nearly a decade ago. Plaintiff's symptoms and diagnosis from Defendant Reeves' attack caused her to be hospitalized, seek intensive and ongoing therapy, and suffer financial loss, among other things.

## COUNT ONE

### Sexual Battery
### Asserted Against Defendant Reeves

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

26. Defendant Reeves intentionally engaged in harmful, unwanted, and offensive touching, and manipulation of Plaintiff's body, including her lower and upper thigh, buttock and groin areas.

27. In forcing physical, sexual contact upon Plaintiff without her consent and against her will, Defendant Reeves committed sexual battery against Plaintiff.

28. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT TWO

### Assault and Battery
### Asserted Against Defendant Reeves

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

29. Defendant Reeves engaged in offensive, unpermitted contact with Plaintiff as described herein.

30. Plaintiff did not consent to the offensive contact.

31. Defendant Reeves acted in a lecherous, harassing, volatile and violent manner toward Plaintiff and in her vicinity, causing reasonable apprehension of unwanted offensive contact.

32. As a result of the actions of Defendant Reeves, Plaintiff was intimidated and apprehensive.

33. The actions of Defendant Reeves caused Plaintiff to have a reasonable apprehension of imminent harm/offensive contact.

34. Plaintiff believed that Defendant Reeves had the present ability to cause offensive contact and bodily harm.

35. Plaintiff's belief was reasonable.

36. The actions of Defendant Reeves, factually stated herein with specificity, under the laws of Minnesota constitute assault/battery upon Plaintiff which resulted in Plaintiff suffering the damages alleged herein.

37. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees

and costs.

## COUNT THREE

### False Imprisonment
### Asserted Against Defendant Reeves

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

38. Defendant Reeves intentionally and unlawfully restrained Plaintiff as described herein.

39. Defendant Reeves had no legal excuse for restraining Plaintiff.

40. Defendant Reeve's restraint of Plaintiff deprived Plaintiff of her individual liberty, freedom of movement, and of her right to come, go, or stay when and where she may choose.

41. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT FOUR

### Public Nuisance
### Asserted Against Defendant Reeves

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

42. By sexually assaulting/battering Plaintiff, the conduct of Defendant Reeves was injurious to Plaintiff's health, was indecent and/or offensive to the senses, and interfered with the comfortable enjoyment of life.

43. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT FIVE

### Negligence
### Asserted Against Defendant Reeves

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

44. Defendant Reeves owed a duty to exercise due care to not inflict injury on other people, including Plaintiff.

45. Defendant Reeves was aware of the fact he had an alcohol abuse problem.

46. However, Defendant Reeves chose to become intoxicated.

47. During his state of intoxication, Defendant Reeves engaged in the misconduct described herein.

48. Defendant Reeves breached his duty to refrain from injuring third parties, in particular Plaintiff, causing her severe harm including emotional and physical injuries.

49. Defendant Reeves' actions described herein occurred in the course and scope of his employment with Defendant Carlisle.

50. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering,

lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT SIX

### Negligence/Negligent Retention and Supervision
### Asserted Against Defendant Carlisle

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

51. Defendant Carlisle had a duty to control its employees and prevent them from intentionally or negligently inflicting personal injury on third persons.

52. Defendant Carlisle knew or should have known that Defendant Reeves had an alcohol abuse problem and might become violent or aggressive and engage in injurious conduct when inebriated.

53. Despite this, Defendant Carlisle sent Defendant Reeves out as its agent to interact with the public including but not limited to air travel.

54. It was foreseeable that Defendant Reeves posed a threat of physical injury.

55. Defendant Carlisle failed to exercise ordinary care when supervising Defendant Reeves.

56. Defendant Reeves did, in fact, inflict physical injury.

57. Defendant Carlisle was negligent in training, retaining and supervising Defendant Reeves.

58. Defendant Carlisle breached its duty to refrain from injuring third parties, in particular Plaintiff, causing her severe harm.

59. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional

distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT SEVEN

### Respondeat Superior
### Asserted Against Defendant Carlisle

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

60. At the time of the conduct described herein, Defendant Reeves was an employee/agent of Defendant Carlisle.

61. During the events described above, Defendant Reeves was acting, and was authorized to act, in furtherance of the interests of Defendant Carlisle.

62. Defendant Reeves' actions described herein were performed during an authorized flight on behalf of his employer, Defendant Carlisle.

63. Defendant Reeves engaged in this conduct during the course and scope of his employment with Defendant Carlisle.

64. Defendant Reeves' conduct was, to at least some degree, in furtherance of Defendant Carlisle's interests and served to benefit Defendant Carlisle.

65. Defendant Carlisle authorized Defendant Reeves to travel on its behalf and the flight described herein was part of that authorized conduct.

66. Defendant Reeves' conduct occurred substantially within authorized time and space restrictions of his employer, Defendant Carlisle.

67. Defendant Reeves was traveling as part of his employment for Defendant Carlisle and it was foreseeable he would become inebriated during his airplane travels.

68. Defendant Carlisle knew or should have known that Defendant Reeves had an alcohol abuse problem and might become violent or aggressive and engage in injurious conduct when inebriated.

69. Defendant Carlisle should reasonably have foreseen the conduct.

70. Defendant Carlisle is vicariously liable for the intentional torts committed by Defendant Reeves (sexual battery, assault and battery and false imprisonment) described herein.

71. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT EIGHT

**Violation of 14 CFR § 121.575**
**Asserted Against Defendant Delta**

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

72. Defendant Delta was prohibited from serving alcoholic beverages to any person aboard its aircraft who appeared to be intoxicated.

73. Defendant Delta was prohibited from allowing any person to board any of its aircraft if that person appeared to be intoxicated.

74. Defendant Delta allowed Defendant Reeves to board its aircraft and served him alcoholic beverages despite his appearance of intoxication.

75. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## COUNT NINE

### Negligence
### Asserted Against Defendant Delta

Plaintiff incorporates the above paragraphs of this Complaint as if fully set forth under this count.

76. Pursuant to 14 CFR § 121.575, Defendant Delta had a duty to refrain from serving alcoholic beverages to any person aboard its aircraft who appeared to be intoxicated and a duty to disallow any person to board any of its aircraft if that person appeared to be intoxicated.

77. Defendant Delta breached that duty by allowing Defendant Reeves to board its aircraft and serving him alcoholic beverages despite his appearance of intoxication.

78. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, bodily injury, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $50,000.00. In addition, Plaintiff has incurred and will continue to incur, attorney fees

and costs.

WHEREFORE, Plaintiff prays that she be granted the following relief:

1. An Order requiring Defendants to compensate, reimburse and make whole Plaintiff for her losses, and future losses, attributable to Defendants' misconduct.

2. An Order permanently restraining and enjoining Defendants from contacting or threatening Plaintiff, directly or indirectly through others.

3. An award to compensate Plaintiff for the pain and suffering and for the humiliation caused by Defendants' unlawful treatment in an amount in excess of Fifty Thousand and No/100 ($50,000.00) Dollars, per Count.

4. Actual damages for any doctor/therapy/medical/treatment expenses incurred as a result of Defendants' liability arising from the misconduct alleged herein.

5. Plaintiff hereby gives notice of her intent to seek Punitive Damages under applicable cause(s) of action.

6. All other relief this Court finds just and equitable.

**Plaintiff demands a trial by jury on issues triable to a jury.**

Date : 11/10/21                                     **LORI PETERSON LAW FIRM**

*[signature]*

Lori Peterson, #212490
Attorney for Plaintiff
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 321-0606
LoriPeterson@LoriPetersonLawFirm.com

## ACKNOWLEDGEMENT

Pursuant to Minn. Stat. § 549.211, the undersigned acknowledges that fees and costs may be awarded under the circumstances specified in that statute.

Dated: 11/10/21

**LORI PETERSON LAW FIRM**

Lori Peterson, #212490
Attorney for Plaintiff
222 South Ninth Street, #1600
Minneapolis, Minnesota 55402
(612) 321-0606
LoriPeterson@LoriPetersonLawFirm.com